J-A05039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SILAS HARTAGE | : | |
| | : | |
| Appellant | : | No. 202 EDA 2022 |

Appeal from the PCRA Order Entered January 6, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0505091-2006

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 3, 2023**

Silas Hartage (Appellant) appeals from the order dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the underlying facts as follows:

> On January 12, 2006, Appellant poured lighter fluid on Carol Ann Cook, his girlfriend, and himself and set her on fire at their home in the city and county of Philadelphia, Pennsylvania.  Both Ms. Cook and Appellant were pulled, unconscious, from the burning house by Philadelphia Fire Department.  Ms. Cook was taken to Temple University Hospital where she was intubated and heavily sedated.  At trial, Dr. Hensell, Ms. Cook's doctor, testified that Ms. Cook had second and third degree burns on her face, shoulder, back, and arms.  Ms. Cook remained sedated and on a ventilator for nineteen days, spent fifty-four days in the burn center, and an additional twenty-one days in the hospital's rehabilitation center.  Ms. Cook underwent skin grafts and a tracheotomy so that she could breathe on her own.  Ms. Cook's permanent injuries include scars, lung problems, and voice damage.

[The Commonwealth charged Appellant with multiple crimes related to the incident. Appellant's] jury trial beg[an] October 10, 2006. On October 12, 2006, the jury returned a verdict of guilty of attempted murder, [aggravated assault,] arson, and causing a catastrophe. On January 30, 2007, the trial court sentenced Appellant to an aggregate of forty to eighty years of incarceration. Appellant did not appeal.

PCRA Court Opinion, 7/8/22, at 1-2.

Approximately six months later, Appellant filed a timely PCRA petition which resulted in the reinstatement of Appellant's direct appeal rights. *See* PCRA Order, 12/15/08. Appellant appealed, and this Court granted partial relief. *Commonwealth v. Hartage*, 21 A.3d 1191 (Pa. Super. Nov. 30, 2010) (unpublished memorandum). We determined there was insufficient evidence to support Appellant's conviction for causing a catastrophe, and concluded Appellant's sentence was illegal because the trial court failed to merge Appellant's convictions for attempted murder and aggravated assault at sentencing. *Id.* The case was remanded to the trial court following Appellant's unsuccessful petition for allowance of appeal. *Commonwealth v. Hartage*, 22 A.3d 1082 (Pa. May 12, 2011).

On September 26, 2011, the trial court resentenced Appellant to consecutive sentences of 10 - 20 years for attempted murder and 10 - 20 years for arson. Appellant timely appealed. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Hartage*, 80 A.3d 775 (Pa. Super. May 3, 2013) (unpublished memorandum), *appeal denied*, 81 A.3d 987 (Pa. Nov. 12, 2013).

On October 20, 2020, Appellant filed the instant PCRA petition.[1]  The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition on November 1, 2021.  Appellant did not file a response.  The PCRA court dismissed Appellant's petition on January 6, 2022.  Appellant filed this timely appeal and a court-ordered Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

Appellant presents the following question for review:

Whether dismissal of Appellant's PCRA petition without an evidentiary hearing was [] legal error and would result in a violation of the constitutional right to effective counsel pursuant to Pa. Const. art. 1, § 9, as per the standard enumerated within 42 Pa. C.S. § 9543?

Appellant's Brief at v.

We review the PCRA court's dismissal of Appellant's PCRA petition for an abuse of discretion.  *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).  In reviewing Appellant's claim, we must determine whether the record supports the PCRA court's findings and the order is free of legal error.  *See Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).  We grant great deference to the PCRA court's findings and will not disturb them unless they have no support in the certified record.  *Commonwealth v. Rigg*, 84 A.2d 1080, 1084 (Pa. Super. 2014).  It is well settled that there "is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA

---

[1] Appellant is currently represented by Robert B. Mozenter, Esquire.

court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Moreover, Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions (government interference, unknown facts, or a newly recognized constitutional right) applies.[2] *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007).

Appellant concedes his "petition is untimely filed," but claims "an exception applie[s] to the timeliness requirement enumerated within 42 Pa.C.S.A. § 9545(b)(1)." Appellant's Brief at 3-4. Appellant argues:

---

[2] "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).

In the case at hand, [Appellant] presented viable claims of ineffective appellant [*sic*] counsel layered by claims of ineffective trial counsel; thus, the [PCRA c]ourt's dismissal without a hearing was contrary to the Supreme Court of Pennsylvania's interpretation of 42 Pa. C.S.A. § 9545(b)(1)(i)-(iii).

While instant Counsel agrees with the [PCRA c]ourt that ineffectiveness cannot typically circumvent the time-bar exceptions enumerated within § 9545, this analysis is shortsighted in that the [PCRA c]ourt failed to acknowledge the exception where appellate counsel has essentially abandoned the petitioner.

Appellant's Brief at 8.[3]

The Commonwealth correctly observes that Appellant's claim does not satisfy an exception to the PCRA's timeliness requirements. ***See*** Commonwealth Brief at 2. The PCRA court likewise concludes Appellant's "current PCRA petition was untimely filed and none of the exceptions to the time-bar are applicable." PCRA Court Opinion, 7/8/22, at 3. The PCRA court reasoned:

Appellant attempted to invoke an exception to the PCRA time bar[,] stating that there was government interference from [Attorney Cotter, acting as Appellant's first] appellate counsel, failing to inform him he could file a PCRA petition without counsel. Appellant claims he was led to believe that an attorney was required to continue exercising his appellate rights. Appellant is essentially claiming ineffective assistance of counsel and briefly mentions government interference to invoke an exception under 42 Pa.C.S. § 9545.

---

[3] John P. Cotter, Esquire represented Appellant for "nearly seven year[s]," from Appellant's 2006 trial through his second appeal in 2013. ***See*** Appellant's Brief at 2. Appellant claims Attorney Cotter was ineffective because after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, Appellant "requested that Mr. Cotter file a PCRA on his behalf, and Mr. Cotter told Appellant that he could not go any further unless he was paid; otherwise, [Appellant] would need to finish his appeal and/or post-conviction process." ***Id.***

> In order to establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 ([Pa.] 2008). In other words, a petitioner is required to show that but for the interference of a government actor "he could not have filed his claim earlier." ***Commonwealth v. Stokes***, 959 A.2d 306, 310 ([Pa.] 2008). …
>
> Appellant has failed to plead that the failure to raise this claim was the result of government interference or that he could not have obtained the information earlier with the exercise of due diligence. The Superior Court found no merit to a claim of government interference regarding the action of a court appointed attorney in ***Commonwealth v. Stanton***, 184 A.3d 949, 957 (Pa. 2018). Appellant fails to plead any facts on this issue other than that he was led to believe he needed an attorney to file a PCRA petition. Therefore, Appellant failed to meet his burden.
>
> Appellant's claims regarding ineffective assistance of counsel fail[] to satisfy an exception. It is well-established that allegations of ineffectiveness do not meet an exception to the time-bar. ***Commonwealth v. Lark***, 746 A.2d 585, 589 (Pa. 2000). [An i]neffectiveness claim does not constitute a time-bar exception[;] it is untimely and unreviewable. ***Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. 2016). [A] PCRA court lacks jurisdiction to hear an untimely petition.

PCRA Court Opinion, 7/8/22, at 4-5 (some citations omitted).

Appellant nonetheless argues he is entitled to an evidentiary hearing because he can prove the ineffective assistance (IAC) of Attorney Cotter. Appellant's Brief at 10-11. This claim, even if timely and reviewable, would lack merit.

> To prevail on an IAC claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered

resulting prejudice. *Commonwealth v. Baumhammers,* [] 92 A.3d 708, 719 ([Pa.] 2014) (citing [*Commonwealth v.*] *Pierce,* 527 A.2d [973,] 975–76 [(Pa. 1987)]). A petitioner must prove all three factors of the "*Pierce* test," or the claim fails. In addition, on appeal, a petitioner must adequately discuss all three factors of the "*Pierce* test," or the appellate court will reject the claim.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*) (some citations omitted).

Counsel "is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). When "evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." *Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) (citation omitted).

Even if Appellant had timely filed his PCRA petition, we would agree with the Commonwealth's assessment of Appellant's IAC claim. The Commonwealth states:

> [Attorney] Cotter clearly had a reasonable basis for not proceeding with the PCRA petition [Appellant] allegedly requested: it would have required [Attorney Cotter] to argue his own ineffectiveness. He did not provide ineffective assistance by advising [Appellant] to seek out another attorney, and [Appellant] simply could have filed another *pro se* PCRA petition seeking to have counsel appointed if he was eligible. Accordingly, the lower court properly dismissed [Appellant]'s untimely PCRA petition.

Commonwealth Brief at 14-15.

For the above reasons, the PCRA court did not abuse its discretion in dismissing Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/3/2023</u>